[11.2011 fugitive location warrant]

MISC. 12-144

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR ORDERS AUTHORIZING THE
DISCLOSURE OF LOCATION DATA
RELATING TO A SPECIFIED WIRELESS
TELEPHONE

- - - - - - - - - - - - - - - - - -X

**FILED UNDER SEAL**

**AFFIDAVIT IN SUPPORT OF APPLICATION**

EASTERN DISTRICT OF NEW YORK, SS:

I, JOHN A. PICCIANO, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the prospective and historical location of (347) 357-5063, (the "SUBJECT TELEPHONE"), whose wireless telephone service provider is Metro PCS ("Service Provider"). The SUBJECT TELEPHONE is described herein and in Attachment A, and the prospective and historical location information to be seized is described herein and in Attachment B.

2. I have been a Detective with the New York City Police Department ("NYPD") for approximately 14 years, and I have been deputized as a federal officer. I am a member of the New York New Jersey Regional Fugitive Task Force, and as such, I am responsible for apprehending fugitives. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the

techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that RAHLIK ODOM is a fugitive, and that he has used, and is currently using, the SUBJECT TELEPHONE. There is therefore probable cause to believe that the prospective and historical location information, including but not limited to E-911 Phase II data (or other precise location information) concerning the SUBJECT TELEPHONE (the "REQUESTED INFORMATION"),[1] as described in Attachment B,

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the SUBJECT TELEPHONE at the start and end of any call or text message transmission. In requesting cell site information, the government does not concede that such cell site records — routinely retained by wireless carriers as business records — may only be obtained via a warrant issued on probable cause. See In re Application, 632 F. Supp. 2d 202 (E.D.N.Y. 2008) (authorizing prospective acquisition of cell-site

2

will enable law enforcement officers to locate RAHLIK ODOM and execute that arrest warrant and develop evidence as to ODOM's consciousness of guilt and evidence of other crimes, wrongs, or acts, pursuant to Federal Rule of Evidence 404(b). Notably, when officers attempted to arrest ODOM on January 31, 2012, he fled through a back window and leaped from a fire escape to avoid capture.

## Background

5. On January 24, 2012, a grand jury in the Eastern District of New York returned an indictment charging RAHLIK ODOM, Devon Rodney, Yassa Ashburn, Haile Cummings, Geraldo Elainor, Daniel Harrison, Ricky Hollenquest, Jamal Laurent and Trevelle Meritt, with, inter alia, Racketeering, Racketeering Conspiracy, and other related crimes, in United States v. Devon Rodney, et. al, 11-CR-303 (NGG) (S-2).

---

records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.); In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (same). Moreover, I have been informed by Assistant United States Attorney Zainab Ahmad that the Stored Communication Act ("SCA"), 18 U.S.C. § 2703(c)(1), authorizes the government to require the provider to disclose the information pertinent to this application by obtaining a warrant, a court order under § 2703(d), or the consent of the subscriber, with the means employed having implications on notice requirements, among other things. In the instant case, the government has opted to pursue a warrant based upon probable cause to obtain the information, though the government could obtain that information through a lesser evidentiary showing. See 18 U.S.C. § 2703(d) (authorizing issuance of § 2703(d) order upon a showing of "specific and articulable facts showing . . . reasonable grounds to believe that . . . the records or other information sought are relevant and material to an ongoing criminal investigation").

3

7. Following the return of that indictment, the Hon. Viktor V. Pohorelsky, United States Magistrate Judge for the Eastern District of New York, signed arrest warrants for ODOM and other members of the gang. On January 31, 2012, agents from the Federal Bureau of Investigation ("FBI") and detectives from the NYPD attempted to apprehend ODOM, pursuant to the arrest warrant, at his residence in Brooklyn, New York. After being admitted into the residence, the officers observed ODOM flee out the back window of the apartment. Officers and agents identified themselves, and pursued ODOM, but he escaped capture.

8. On February 13, 2012, the Honorable Cheryl L. Pollak, United States Magistrate Judge for the Eastern District of New York, authorized the issuance of a warrant to obtain prospective and historical location information for (718) 207-3744, another cellular telephone used by ODOM. See Docket Number M 12-161. Based upon information obtained pursuant to that warrant, agents and officers determined that ODOM cased using the telephone no later than February 14, 2012. Based on the facts set forth below, probable cause exists to believe that the requested prospective and historical location data set forth in Attachment B will enable law enforcement officers to locate RAHLIK ODOM and execute that arrest warrant and develop evidence as to ODOM's consciousness of guilt and evidence of other crimes, wrongs, or acts, pursuant to Federal Rule of Evidence 404(b).

4

## The SUBJECT TELEPHONE

9. Law enforcement agents have identified the SUBJECT TELEPHONE as a wireless telephone used by RAHLIK ODOM.

10. This morning, on February 21, 2012, NYPD detectives and members of the New York New Jersey Regional Fugitive Task Force, spoke with a female in Brooklyn, New York, who stated that she was romantically involved with ODOM. She confirmed that she had spoken to ODOM on numerous occasions over the last three days. The female stated that every time ODOM called her, he used the SUBJECT TELEPHONE. She further stated that she had called the SUBJECT TELEPHONE and ODOM answered the phone. Most recently, she spoke with ODOM on the SUBJECT TELEPHONE last night, February 20, 2012, at approximately 11:00 p.m.

## AUTHORIZATION REQUEST

11. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

12. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate

5

notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the SUBJECT TELEPHONE would seriously jeopardize the ongoing investigation, as such disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates, and continue to flee from and evade prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

13. I further request that the Court direct the Service Provider to disclose to the government any information described in Attachment B that is within the Service Provider's possession, custody, or control. I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, by, <u>inter alia</u>, initiating a signal to determine the locations of the SUBJECT TELEPHONE on the Service Provider's networks or with such other reference points as may be reasonably available, and at such intervals and

times directed by the government.  The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

14.  I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the SUBJECT TELEPHONE outside of daytime hours.

15.  I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  Disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates and continue to flee from or evade prosecution.

16.  IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 2705(b) and for the reasons stated above, the Court issue an Order commanding Metro PCS not to notify any person (including the subscribers or customers of the account listed in

the attached warrant) of the existence of the attached warrant until further order of the Court.

Dated:    Brooklyn, New York
         February 21, 2012

_____
JOHN A. PACCIANO
Detective
NYPD

Sworn to before me the 21st day of February, 2012

_____
THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## **ATTACHMENT A**

### Property To Be Searched

1. The cellular telephone assigned call number (347) 357-5063, (the "SUBJECT TELEPHONE"), whose wireless telephone service provider is Metro PCS ("Service Provider").

2. Information about the location of the SUBJECT TELEPHONE that is within the possession, custody, or control of Metro PCS including information about the location of the cellular telephone if it is subsequently assigned a different call number.

3. Records or other information about the location of the SUBJECT TELEPHONE from February 1, 2012 until 11:00 a.m. Eastern Time on the date that the Court issues the warrant, that is within the possession, custody, or control of Metro PCS.

**ATTACHMENT B**

<u>Particular Things to be Seized</u>

All prospective information about the location of the SUBJECT TELEPHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the SUBJECT TELEPHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (<u>i.e.</u>, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

All recorded information identifying the base station towers and sectors that received transmissions from the SUBJECT TELEPHONE at the beginning and the end of each communication to or from the SUBJECT TELEPHONE, including calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any such communications, for the period from February 1, 2012 until 11:00 a.m. Eastern Time on the date that the Court issues the warrant.

To the extent that the information described in the previous two paragraphs (hereinafter, "Location Information") is within the possession, custody, or control of Metro PCS, Metro PCS is required to disclose the Location Information to the government. In addition, Metro PCS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Metro PCS's services, including by initiating a signal to determine the location of the SUBJECT TELEPHONE on Metro PCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Metro PCS for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. <u>See</u> 18 U.S.C. § 3103a(b)(2).

F.#

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - x

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2705(b)

- - - - - - - - - - - - - - - x

TO BE FILED UNDER SEAL

ORDER

    Application having been made for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (347) 357-5063, (the "SUBJECT TELEPHONE"), whose wireless telephone service provider is Metro PCS ("Service Provider"), as further described in Attachment B to the search warrant (the "REQUESTED INFORMATION");

    The Court finds that there is reasonable cause to believe that providing immediate notification of the execution of the warrant may seriously jeopardize an ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. §§ 2705(b)(2), 2705(b)(3) and 2705(b)(5). Furthermore, the execution of this warrant will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that the warrant authorizes the seizure of any stored wire or electronic

information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that law enforcement officers, beginning at any time within ten days of the date of this Order and for a period not to exceed 30 days, may obtain the REQUESTED INFORMATION concerning the SUBJECT TELEPHONE, with said authority to extend to any time of the day or night as required, including when the SUBJECT TELEPHONE leaves the Eastern District of New York; all of said authority being expressly limited to ascertaining the physical location of the SUBJECT TELEPHONE and expressly excluding the contents of any communications conducted by the user(s) of the SUBJECT TELEPHONE.

It is further ORDERED that Metro PCS (the "service provider") assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the REQUESTED INFORMATION, including by initiating a signal to determine the location of the SUBJECT TELEPHONE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as the service provider accords the user(s) of the

SUBJECT TELEPHONE.

It is further ORDERED that the United States Marshals Service and/or the Federal Bureau of Investigation compensate the service provider for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof be sealed until further Order of the Court, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on law enforcement officers, and other government and contract personnel acting under the supervision of such law enforcement officers, and the service provider as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 14 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED under 18 U.S.C. § 2705(b) that Metro PCS shall not disclose the existence of the attached

warrant, or this Order of the Court, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that Metro PCS may disclose the attached warrant to an attorney for Metro PCS for the purpose of receiving legal advice.

It is further ORDERED that this Order apply to any changed mobile telephone number subsequently assigned to the SUBJECT TELEPHONE within the period of this Order.

It is further ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Dated: Brooklyn, New York
February 21, 2012

_____
THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK